Ms. Sharon V. Thorsen Pompano Beach City Attorney Post Office Box 2083 Pompano Beach, Florida 33061
Dear Ms. Thorsen:
On behalf of the Pompano Beach City Commission, you ask substantially the following question:
May the City of Pompano Beach allow an employee of the Police and Firefighters' Retirement System to participate in the City of Pompano Beach's selffunded employee medical, dental, vision and hearing expense benefit fund.
In sum:
The City of Pompano Beach may allow employees of the Police and Firefighters' Retirement System to participate in the city's self-funded employee medical, dental, vision and hearing expense benefit fund, if the city commission makes the legislative determination that the provision of such benefits accomplishes a valid municipal purpose.
You state that the City of Pompano Beach has a Police and Firefighters' Retirement System that was created by ordinance. The funds are administered by the Board of Pension Trustees (Board), which has the authority to hire and appoint employees. The Board has employed a full-time fund administrator and has requested the city to allow full-time employees of the retirement system to participate in the self-funded health insurance plan provided to city employees. The premiums for such insurance would be paid by the Board. You question the ability of the city to include a retirement system employee in the city's plan, in light of the language in section 112.08, Florida Statutes, authorizing local governmental units to provide insurance to their employees and officers.
Section 112.08(2)(a), Florida Statutes, provides:
Every local governmental unit[1] is authorized to provide and pay out of its available funds for all or part of the premium for life, health, accident, hospitalization, legal expense, or annuity insurance, or all or any kinds of such insurance, for the officers and employees of the local governmental unit and for health, accident, hospitalization, and legal expense insurance for the dependents of such officers and employees upon a group insurance plan and, to that end, to enter into contracts with insurance companies or professional administrators to provide such insurance. . . . Each local governmental unit may self-insure any plan for health, accident, and hospitalization coverage or enter into a risk management consortium to provide such coverage, subject to approval based on actuarial soundness by the Department of Insurance; and each shall contract with an insurance company or professional administrator qualified and approved by the Department of Insurance to administer such a plan. (e.s.)
Thus, the Legislature has determined that the expenditure of public funds by a local governmental unit on the insurance of its employees and officers serves a valid public purpose and, therefore, is authorized.[2] While such expenditures are authorized, there is nothing in section 112.08, Florida Statutes, that precludes the use of public funds for expenditures that are determined by the governing body of the municipality to serve a public purpose.
Municipalities have been granted home rule powers to exercise any power for municipal purposes except when expressly prohibited by law.[3] Section 166.021, Florida Statutes, provides in pertinent part:
(1) As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. (2) "Municipal purpose" means any activity or power which may be exercised by the state or its political subdivisions.
* * * (4) The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.
Thus, a municipality may exercise any governmental, corporate, or proprietary power for a municipal purpose except when expressly prohibited by law, and a municipality may legislate on any subject matter on which the Legislature may act, except those preempted by the constitution or general law.[4] As noted above, there is nothing in section 112.08, Florida Statutes, that prohibits a municipality from allowing an employee of the retirement system from participating in the city's self-insurance program, if the city commission determines that it is for a municipal purpose.
The retirement system and its governing board of trustees are creations of the municipality vested with the administration and responsibility for the proper operation of the pension system. While employees of the system are not classified as employees of the city, their employment is on behalf of the city. In light of the relationship of the retirement system to the city and the purpose for which system employees perform their tasks, it would appear that the city could properly find that including the retirement system employees in the city's self insurance program serves a municipal purpose.
Accordingly, the city may include employees of the Police and Firefighters' Retirement System in the City of Pompano Beach's self-funded employee medical, dental, vision and hearing expense benefit fund, if the city commission makes the legislative determination that the provision of such benefits accomplishes a valid municipal purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 112.08(1), Florida Statutes, defines "local governmental unit" as "any county, municipality, community college district, school board, or special district or any county officer listed in s. 1(d) of Art. VIII of the State Constitution."
[2] See, Op. Att'y. Gen. 76-8 (1976), in which the creation and evolution of section 112.08, Florida Statutes, is discussed. See also, section 112.14, Florida Statutes, stating the purpose and intent of this law to "make available upon a voluntary participation basis to the several officers and employees aforesaid, the economics, protection and benefits of group insurance not available to each officer and employee as an individual."
[3] See, City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764
(Fla. 1974).
[4] See, City of Boca Raton v. State, 595 So.2d 25, 28 (Fla. 1992), in which the Court discusses the evolution of municipal home rule powers.